IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3229 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| RANDY ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 24, the Motion to Dismiss filed by defendants-James Skinner, Randy Anderson, Donald Truckenbrod, Kevin Housh and the City of Omaha, Nebraska; filing no. 36, the plaintiff's Motion for Status; and filing no. 38, the Motion to Dismiss filed by defendant-Patty Dory.[1]  The plaintiff, Steven R. Blair, a prisoner in the custody of the Nebraska Department of Correctional Services, asserts claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and under state law, alleging that the defendants conspired to, and did, deprive him of his civil rights in the course of an arrest, search and seizure, malicious prosecution and conviction in 1997.

## Background

Defendants-Anderson, Truckenbrod, Housh, Christensen and Scott arrested the plaintiff on May 12, 1997, purportedly in connection with a report by defendant-Dory that the plaintiff, her former boyfriend, had kidnapped and assaulted her. The officers searched

---

[1]Of the remaining persons named as defendants in the complaint, Hal Daub and Donald Carey have not been served, and, therefore, those persons are not parties to this litigation.  Defendant-Lori Anzaldo has filed an answer (filing no. 26) to the complaint. Jason Christensen and Michael Scott have been served with process (filing nos. 16 and 17) but have not answered or otherwise responded to the plaintiff's complaint.

1

the plaintiff's home, seized firearms, and conducted an investigation of Dory's allegations. However, the plaintiff contends that the officers arrested the plaintiff without probable cause; the officers' accounts contradicted each other in important respects; the defendants fabricated charges and evidence, and the defendants conspired to have the plaintiff sent to prison despite his innocence of the charges.

According to the complaint (¶¶ 35 and 39), the plaintiff's convictions for assault, kidnapping, terroristic threats, and sexual assault were later vacated by the District Court of Douglas County, Nebraska. In filing no. 39 at 4, defendant-Dory explains that the plaintiff prevailed in his state postconviction proceedings on the basis of ineffective assistance of trial counsel in failing to call particular witnesses.[2]

In an earlier action in this court, Case No. 4:01cv3065, the plaintiff attempted to bring the same claims as in the present case against many of the same defendants. However, at that time, the plaintiff's state postconviction proceedings had not yet resulted in a favorable outcome. Therefore, this court dismissed Case No. 4:01cv3065, without prejudice, on the basis of Heck v. Humphrey, 512 U.S. 477 (1994). The United States Supreme Court, in Preiser v. Rodriquez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994), established that, if success on the merits of a civil rights claim would implicate the validity of continued confinement for a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar litigation. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his confinement. Obviously, the plaintiff's

---

[2] However, the record in this case does not explain why the plaintiff remains in state custody for some or all of the offenses of conviction.

claims of fabricated charges and perjury would have cast doubt upon the validity of his convictions.

**Color of State Law**

The Motion to Dismiss filed by Patty Dory in this case will be granted, because a witness, victim or informant does not act "under color of state law" in reporting an alleged crime to police. Other than conclusory allegations of ulterior motive and conspiracy, the only actual conduct attributed to Dory is the reporting of a crime to police. In addition, Dory has absolute immunity to the extent she served as a witness in the plaintiff's criminal proceedings.

To state a claim for relief in an action under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "state actor," i.e., by a person acting under "color of state law." Private individuals who commit torts, i.e., civil wrongs, against other private parties are generally not acting under color of state law when they commit those acts.

Providing information to state actors does not transform a victim or witness into a coconspirator or a state actor. See, e.g., Miller v. Compton, 122 F.3d 1094, 1098 (8th Cir. 1997). Accord Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir.1983) ("We know of no case in which the report of a state crime is action under color of state law under § 1983."). The Supreme Court has rejected the suggestion that "a private party's mere invocation of state legal procedures constitutes 'joint participation' or 'conspiracy' with state officials satisfying the § 1983 requirement of action under color of law." Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 n. 21 (1982) (citation omitted). See also Occhino v. Lannon, 150

3

F.R.D. 613, 623 (D. Minn. 1993):

> It is universally recognized, however, that the mere furnishing of information to police officers does not constitute joint action under color of State law which renders a private citizen liable under Section 1983. Sarmiento v. Texas Board of Veterinary Medical Examiners, 939 F.2d 1242, 1246 n. 5 (5th Cir. 1991); Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir. 1988); Sims v. Jefferson Downs Racing Association, 778 F.2d 1068, 1078-79 (5th Cir. 1985); Mark v. Furay, 769 F.2d 1266 (7th Cir. 1985); Moore v. Marketplace Restaurant, Inc., 754 F.2d 1336, 1352 (7th Cir. 1985); Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir. 1983); Arnold v. International Business Machines, 637 F.2d 1350 (9th Cir. 1981); Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204, 1206 (7th Cir. 1980); Butler v. Goldblatt Bros., Inc., 589 F.2d 323, 326-27 (7th Cir. 1978), cert. denied, 444 U.S. 841 ... (1979); Taliaferro v. Voth, 774 F. Supp. 1326, 1331 (D. Kan. 1991); Young v. Arkansas Children's Hosp., 721 F. Supp. 197, 198 (E.D. Ark. 1989); Parker v. Hearn, 695 F. Supp. 1421, 1425 (E.D. N.Y. 1988); Kraemer v. Padgett, 685 F. Supp. 1166, 1168 (D. Kan. 1987); Holdeman v. Consolidated Rail Corp., 649 F. Supp. 1188, 1196 (N.D. Ind. 1986), aff'd., 840 F.2d 20 (7th Cir. 1988). Without more, the mere elicitation of police assistance is not an exercise of official state authority. Id.

In addition, to the extent that Dory acted as a witness in the judicial proceedings involving the plaintiff, she may not be sued for statements made as a witness in such proceedings. See, e.g., Briscoe v. LaHue, 460 U.S. 325, 329-33 (1983) (witnesses are protected from suit by absolute immunity). See also Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1282 (11th Cir. 2002): "[A] witness's absolute immunity from liability for testifying forecloses any use of that testimony as evidence of the witness's membership in a conspiracy prior to his taking the stand."[3]

---

[3] The court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over claims arising under state law when the court has dismissed the claim(s) over which the court has original jurisdiction. In addition, 28 U.S.C. § 1367(d) tolled the limitations period for the state law claims, if any, against defendant-Dory during the pendency of this federal lawsuit. 28 U.S.C. § 1367(d) states in pertinent part: "The period of limitations for any claim asserted under subsection (a) ... shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." The tolling provision of section 1367(d) provides "assurance

4

**Statute of Limitations**

In filing no. 24, defendants Skinner, Anderson, Truckenbrod, Housh and the City of Omaha raise only one basis for dismissal of the complaint. The defendants argue that the plaintiff's claims are barred by the applicable statute of limitations.

As 42 U.S.C. § 1983 does not contain a statute of limitations, the United States Supreme Court has ruled that the limitations period for a claim arising under § 1983 is the general statute of limitations applicable to personal injury actions under the law of the state where the claim accrued. Owens v. Okure, 488 U.S. 235, 249-50 (1989); Wilson v. Garcia, 471 U.S. 261, 276 (1985). In Nebraska, that statute is the four-year personal injury statute of limitations contained in Neb. Rev. Stat. § 25-207. Bridgeman v. Nebraska State Pen, 849 F.2d 1076, 1077 (8th Cir. 1988) (*per curiam*).

Just as the applicable state statute of limitations is "borrowed" for § 1983 claims, so are the state's tolling rules. See, e.g., Hardin v. Straub, 490 U.S. 536, 540 (1989); Board of Regents v. Tomanio, 446 U.S. 478, 485-86 (1980). See also Bridgeman v. Nebraska State Pen, 849 F.2d at 1078 ("[t]he use of a state's statute of limitations also requires the use of its tolling statutes and the operation thereof is governed by state law"). Nebraska's tolling statute, Neb. Rev. Stat. § 25-213, tolls the statute of limitations for the period of certain legal disabilities, such as imprisonment. However, the Nebraska courts have interpreted § 25-213 to mean that imprisonment does not by itself toll the limitations period;

---

that state-law claims asserted under § 1367(a) will not become time barred while pending in federal court." Jinks v. Richland County, 538 U.S. 456, 464 (2003). I do not speculate whether the plaintiff has a cause of action under state law which he may bring in a state court against Dory. However, any such state-law claims asserted in this case against Dory will be dismissed without prejudice.

5

rather some disability traceable to imprisonment is also required. See, e.g., Gordon v. Connell, 545 N.W.2d 722, 726 (Neb. 1996): "[T]his court has previously held that a showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights is required to entitle a prisoner to have the statute of limitations tolled during imprisonment."

The plaintiff points to the bar of Heck v. Humphrey as the additional legal disability traceable to his imprisonment which, under Neb. Rev. Stat. § 25-213, tolled the statute of limitations. It is true that during the period of the plaintiff's imprisonment, at least until he obtained a favorable outcome in a habeas or similar proceeding, the plaintiff could not have brought his federal claims in this court. Therefore, I provisionally find that the statute of limitations was tolled for at least some period of the plaintiff's imprisonment. However, the parties have not provided a copy of the favorable judgment which the plaintiff received on postconviction review. In addition, they have not indicated whether that judgment is final, and they have not explained why the plaintiff is still incarcerated on the convictions which were vacated. Therefore, this Memorandum and Order is not necessarily a final determination regarding the issue of the statute of limitations.

THEREFORE, IT IS ORDERED:

1. That filing no. 24, the Motion to Dismiss filed by defendants-James Skinner, Randy Anderson, Donald Truckenbrod, Kevin Housh and the City of Omaha, Nebraska, is denied;

2. That filing no. 36, the plaintiff's Motion for Status, is granted, and this Memorandum and Order provides the requested information regarding the status of the above-entitled case;

3.     That filing no. 38, the Motion to Dismiss filed by defendant-Patty Dory, is granted; the plaintiff's claims against Patty Dory arising under the Constitution and laws of the United States are dismissed with prejudice; the plaintiff's claims against Patty Dory arising under state law are dismissed without prejudice; and

4.     That pursuant to Fed. R. Civ. P. 54(b), this decision is not a final and appealable order until after entry of judgment adjudicating all the claims and rights of the parties.

August 22, 2005.                                         BY THE COURT:

                                                                         s/ *Richard G. Kopf*
                                                                         United States District Judge