IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN R. BLAIR, | ) |
| Plaintiff, | ) 4:04cv3229 |
| vs. | ) MEMORANDUM AND ORDER |
| RANDY ANDERSON, et al., | ) |
| Defendants. | ) |

This matter is before the court on (1) filing no. 46, the Motion to Stay filed by defendants-James Skinner, Randy Anderson, Donald Truckenbrod, Kevin Housh, Michael Scott, Jason Christensen and the City of Omaha, Nebraska; (2) filing no. 50, the Motion for Judgment on the Pleadings filed by defendant-Lori Anzaldo; and (3) filing no. 52, the Motion to Extend Deadline to File Response to Defendant's Motion for Judgment on the Pleadings, filed by the plaintiff, Steven R. Blair. As a preliminary matter, filing no. 52 is granted retroactively, as the plaintiff has responded (filing no. 53) to the Motion for Judgment on the Pleadings.

**Background**

The plaintiff, Steven R. Blair, asserts claims pursuant to 42 U.S.C. § 1983, several other statutes, constitutional provisions and state law, alleging that the defendants conspired to, and did, deprive him of his constitutional rights in the course of an arrest, search and seizure, prosecution and conviction. On June 16, 1998, the plaintiff received a prison sentence for kidnapping his former girlfriend, Patty Dory, use of a deadly weapon to commit a felony, and terroristic threats.[1] The Nebraska Court of Appeals affirmed the conviction and sentence on March 31, 1999.

In a decision filed on August 11, 2003, however, the state district court granted the

---

[1]In a Nebraska criminal case, the judgment date is the date on which the defendant is sentenced. State v. Spotted Elk, 420 N.W.2d 707, 711 (Neb. 1988). Accord State v. McCormick, 518 N.W.2d 133,136 (Neb. 1994).

plaintiff's motion for postconviction relief, setting aside the plaintiff's convictions on the basis of ineffective assistance of trial counsel, and ordering a new trial (filing no. 47-2). The State attempted unsuccessfully to appeal the postconviction judgment, but, in a decision on November 15, 2005, the Court of Appeals dismissed the State's appeal for lack of jurisdiction (filing no. 47-2, Case No. A-03-942). Consequently, the decision setting aside the plaintiff's conviction is final, but the plaintiff's new trial has not yet taken place.

Meanwhile, on June 25, 2004, the plaintiff brought this action to vindicate the deprivation of his civil rights which he contends he suffered in connection with the June 16, 1998 conviction and the events leading up to it. On May 12, 1997, defendants-Anderson, Truckenbrod, Housh, Christensen and Scott arrested the plaintiff allegedly in connection with a report by Patty Dory that the plaintiff had kidnapped and assaulted her. The officers searched the plaintiff's home, seized firearms and conducted an investigation of Dory's allegations. However, the plaintiff contends that the officers arrested the plaintiff before Dory's call to police and without probable cause; the officers' accounts contradicted each other in important respects; the defendants fabricated charges and evidence, and the defendants conspired to have the plaintiff sent to prison despite his innocence of the charges. In the First and Second Causes of Action of the plaintiff's Complaint, he alleges claims under the federal civil rights laws of unreasonable search and seizure and conspiracy to violate his civil rights. In his Third, Fourth and Fifth Causes of Action, the plaintiff alleges claims under Nebraska law of malicious prosecution, abuse of process and false imprisonment.[2]

### Motion for Judgment on the Pleadings

In filing no. 42, I granted Patty Dory's Motion to Dismiss because a witness, victim or informant does not act "under color of state law" for purposes of the federal civil rights laws in reporting an alleged crime to police. Other than conclusory allegations of ulterior

---

[2]Insofar as the plaintiff alleges false imprisonment caused by the defendants' fabricated charges and evidence against him, "false imprisonment is a state law tort claim. It is not coextensive with the Fourteenth Amendment, which 'protects only against deprivations of liberty accomplished "without due process of law."'" King v. Beavers, 148 F.3d 1031, 1034 (8th Cir.), cert. denied, 525 U.S. 1002 (1998), citing Baker v. McCollan, 443 U.S. 137, 145 (1979).

motive and conspiracy, the only actual conduct attributed to Dory involved the reporting of a crime to police and testifying as a witness. In addition to reporting to police, for which she was not a state actor, Dory has absolute immunity to the extent she served as a witness in the plaintiff's criminal proceedings.

Lori Anzaldo, Patty Dory's sister, moves in filing no. 50 for judgment on the pleadings on the same grounds as the court dismissed Dory from this action. The plaintiff alleges, as to Anzaldo, that Dory called the police from Anzaldo's house; the police interviewed Dory at Anzaldo's residence; Anzaldo conspired with Dory and police to formulate lies; and that Anzaldo testified falsely against the plaintiff.

As I explained with respect to Dory, to state a claim for relief in an action under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "state actor," i.e., by a person acting under "color of state law."[3] Private individuals who commit torts, i.e., civil wrongs, against other private parties are generally not acting under color of state law when they commit those acts.

Providing information to state actors does not transform a victim or witness into a co-conspirator or a state actor. See, e.g., Miller v. Compton, 122 F.3d 1094, 1098 (8th Cir. 1997). Accord Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 271-73 (2d Cir. 1999) (requesting police assistance and providing background information to police do not transform a private actor into a willful participant in joint activity with the State or its agents); Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir.1983) ("We know of no case in which the report of a state crime is action under color of state law under § 1983."). The Supreme Court has rejected the suggestion that "a private party's mere invocation of state legal procedures constitutes 'joint participation' or 'conspiracy' with state officials satisfying the § 1983 requirement of action under color of law." Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 n. 21 (1982) (citation omitted). See also Occhino v. Lannon, 150 F.R.D. 613, 623 (D. Minn. 1993) ("It is universally recognized, however, that the mere furnishing of

---

[3]"State action" and "color of state law" are equivalent under the Fourteenth Amendment for purposes of 42 U.S.C. § 1983. Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 271 (2d Cir. 1999).

information to police officers does not constitute joint action under color of State law which renders a private citizen liable under Section 1983 .... Allegations of a conspiracy, absent supporting facts, do not establish a claim upon which relief may be granted .... Here, the Plaintiff's allegations of a conspiracy are bald and conclusory.") (citations omitted), aff'd, 19 F.3d 23 (8th Cir.) (unpublished), cert. denied, 513 U.S. 840 (1994).

Stripped of the bare, conclusory allegations of conspiracy and improper motive, the only factual allegations as to Anzaldo involve speaking with police, for which she was not a state actor, and testifying in court, for which she has immunity. As with Dory, if Anzaldo testified in court as a witness, she has immunity for that function, whatever she said. To safeguard society's interest in the integrity and finality of the judicial process, it is the *function* of testifying which is afforded immunity, and only incidentally the person who testifies. See, e.g., Briscoe v. LaHue, 460 U.S. 325, 329-34 (1983) (witnesses are protected from suit by absolute immunity). See also Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1282 (11th Cir. 2002): "[A] witness's absolute immunity from liability for testifying forecloses any use of that testimony as evidence of the witness's membership in a conspiracy prior to his taking the stand." Accord Dornheim v. Sholes, 430 F.3d 919, 925 (8th Cir. 2005) (§ 1983 did not abrogate the absolute immunity available at common law to witnesses, even for allegedly perjured testimony, because "officials are entitled to absolute immunity from civil rights suits for the performance of duties which are 'integral parts of the judicial process' as long as the judicial function was granted immunity under common law at the time § 1983 was enacted"), *citing* Briscoe v. LaHue, 460 U.S. at 335. For those reasons, filing no. 50, the Motion for Judgment on the Pleadings filed by defendant-Lori Anzaldo, will be granted.

### Motion for Stay

With the concurrence of Magistrate Judge F. A. Gossett, who met with the parties on July 12, 2006, I will grant the defendants' Motion to Stay (filing no. 46). The parties acknowledge that the principles expressed in Heck v. Humphrey, 512 U.S. 477 (1994), barred the plaintiff from bringing this civil rights action before August 11, 2003, when he achieved a favorable outcome in his postconviction action. That is because until he prevailed on postconviction review, the plaintiff could not, through an action under § 1983,

cast doubt on the validity of his confinement until his conviction had first been invalidated or overturned in a state proceeding or through a federal writ of habeas corpus. The decision in Heck v. Humphrey barred the plaintiff from litigating in a civil rights action his claims that the defendants had wrongfully procured his conviction. See Heck v. Humphrey, 512 U.S. at 486-87 (An action under 42 U.S.C. § 1983 which would call into question the lawfulness of a plaintiff's confinement is not cognizable until after the judgment has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

Because the plaintiff obtained postconviction relief on grounds other than the merits of his conviction, and because he will be retried in the future, the defendants request a stay of this action until the conclusion of the retrial and any appeals in the plaintiff's later criminal proceedings. The defendants argue that the plaintiff has not yet obtained a **final** favorable outcome in his criminal case, as contemplated by Heck v. Humphrey, because his criminal proceedings are still pending. Thus, a decision in the plaintiff's favor in this case could undermine the validity of a conviction in the plaintiff's new trial in the criminal case.

If the plaintiff had brought this action on Fourth Amendment claims alone, the principles expressed in Heck v. Humphrey would not bar the plaintiff from bringing, and now proceeding with, this civil rights action before the resolution of his criminal case. In Heck, footnote 7 of the majority opinion suggests a type of action which, "even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff [and] should be allowed to proceed." Heck v. Humphrey, 512 U.S. at 487 n.7 (emphasis in original):

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery ... and especially harmless error ... such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.

512 U.S. at 487 n.7 (emphasis in original, internal citations omitted). See also Hughes v. Lott, 350 F.3d 1157, 1160-61 (11th Cir. 2003) (Heck does not generally bar claims of illegal

5

search or arrest because "a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction"). Accord Whitmore v. Harrington, 204 F.3d 784, 784-85 (8th Cir. 2000) (district court erred in dismissal, based on Heck, of plaintiff's unlawful stop claim; unlawful investigative stop does not necessarily imply the invalidity of later drug convictions); Moore v. Sims, 200 F.3d 1170, 1171-72 (8th Cir. 2000) (*per curiam*) (Heck does not bar § 1983 unlawful arrest claim). In Wallace v. City of Chicago, 440 F.3d 421, 425-28 (7th Cir. 2006), the Seventh Circuit recently explained that only rarely, such when a plaintiff has been convicted for resisting arrest, would accrual of his § 1983 claim for wrongful arrest be deferred by Heck; the norm is that the cause of action accrues at the time of the arrest.

However, in this case, the plaintiff's search and seizure claims have been inextricably intertwined with his claims of false charges and fabricated evidence from the inception of his efforts to sue the defendants under § 1983. Obviously, success on those particular civil rights claims would necessarily undermine a not previously invalidated charge and a potential (future) conviction.

Thus, Heck v. Humphrey might well have created no bar to suit if the plaintiff had sued on his Fourth Amendment claims alone, even while he was still incarcerated. However, if the above-entitled case were to yield evidence of fabricated charges or faked evidence on the same charges for which the plaintiff is to be retried, the plaintiff's new trial in the state court could be seriously compromised. As there appears to me to be no practical way to detach the plaintiff's Fourth Amendment claims from his Heck-barred claims, the whole package will be stayed.

## Manner of Stay

The parties may be heard regarding the manner in which this case is to be stayed. The first option is to leave this case open on the court's active docket and hold it in abeyance for as long as the plaintiff's retrial, appeals and postconviction proceedings, if any, take. During those years, both parties (plaintiff through counsel and defendants as a group through counsel) would be required to file written status reports to the court every 120 days, without fail, subject to sanctions in the absence of the required report(s). While the case is stayed, **each** party must notify this court of any change of address.

The other option is to dismiss the above-entitled case without prejudice and close the case for statistical purposes. The Memorandum and Order would expressly state that the dismissal is subject to the plaintiff's right to reopen the above-entitled Case No. 4:04cv3229 and reinstate that case to the court's active docket upon conclusion of the state-court criminal proceedings. No status reports or other communications with the court in the interim would be required. (See, e.g., discussion of discretion to reopen cases and appropriate procedures in filing no. 48 of Case No. 4:98cv3240 on CM/ECF.)[4]

THEREFORE, IT IS ORDERED:

1. That filing no. 46, the Motion to Stay filed by the remaining defendants, James Skinner, Randy Anderson, Donald Truckenbrod, Kevin Housh, Michael Scott, Jason Christensen and the City of Omaha, Nebraska, is granted; and by **August 15, 2006**, counsel for the parties shall file a pleading, jointly if they agree, or separately if they disagree, indicating which form of stay they would prefer;

2. That filing no. 50, the Motion for Judgment on the Pleadings filed by defendant-Lori Anzaldo, is granted, and Lori Anzaldo is dismissed from this litigation with prejudice; and

3. That filing no. 52, the plaintiff's Motion to Extend Deadline to File Response to Defendant's Motion for Judgment on the Pleadings, is granted, and filing no. 53, the plaintiff's Response, is deemed timely.

July 26, 2006.

BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

---

[4] Generally, a Motion to Reopen is accompanied by a Motion for Leave to Amend Complaint and an Amended Complaint. The court, upon granting leave to amend, vacates the dismissal order or judgment so that the Amended Complaint can relate back to earlier pleadings. The case then proceeds on the basis of the Amended Complaint, which sets forth whatever the status of the plaintiff's claims is at that time.