IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3229 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| RANDY ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 58, the plaintiff's Motion to Dismiss, filed by plaintiff's counsel with the agreement of counsel for the defendants. The plaintiff, Steven R. Blair, brought this action pursuant to 42 U.S.C. § 1983, alleging that in 1998, the defendants conspired to, and did, deprive the plaintiff of his constitutional rights in the course of an arrest, search and seizure, prosecution and conviction for kidnapping his former girlfriend. On August 11, 2003, however, the plaintiff's postconviction court set aside the plaintiff's convictions on the basis of ineffective assistance of trial counsel, and ordered a new trial.

After he had received a favorable outcome in his postconviction proceedings, the plaintiff filed this civil rights action based on the events leading up to his subsequently vacated conviction. The principles expressed in Heck v. Humphrey, 512 U.S. 477 (1994), had barred the plaintiff from bringing this civil rights action before August 11, 2003, the date he won his postconviction action. That is because until he prevailed on postconviction review, the plaintiff could not, through an action under § 1983, cast doubt on the validity of his confinement absent a favorable ruling invalidating or overturning his conviction in a state proceeding or through a federal writ of habeas corpus.[1]

---

[1] See Heck v. Humphrey, 512 U.S. at 486-87 (An action under 42 U.S.C. § 1983 which would call into question the lawfulness of a plaintiff's confinement is not cognizable until after the judgment has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

1

The problem presently posed in this case is that although the decision vacating the plaintiff's conviction is final, the plaintiff's new trial for the same offense has not yet taken place. Thus, the defendants moved to stay this civil rights action until the conclusion of the prosecution, retrial and any appeals in the plaintiff's future criminal proceedings.

In filing no. 57, my Memorandum and Order of July 26, 2006, I granted the defendants' Motion to Stay this action. The defendants argued that the plaintiff has not yet obtained a **final** favorable outcome in his criminal case, as contemplated by Heck v. Humphrey, because his criminal proceedings are still pending. Thus, a decision in the plaintiff's favor in this case could undermine the validity of a conviction in the plaintiff's new trial in the criminal case.

Because of uncertainty as to when the issues will eventually be litigated in this case and as to precisely how those issues will be framed, I gave the parties a choice between two kinds of stay orders. The parties and the court have agreed to the procedure set forth below.

IT IS THEREFORE ORDERED:

1. That I will enter a judgment of dismissal in this action, without prejudice to the plaintiff's right to reopen this case;

2. That upon completion of the criminal proceedings in the state courts, the plaintiff is entitled to file a Motion to Reopen this case, accompanied by a Motion for Leave to Amend Complaint and an Amended Complaint; if he does so, the plaintiff shall request reinstatement of this case to the court's active docket, and shall request leave to proceed in forma pauperis, if appropriate, and leave to proceed under the above-captioned case number with the benefit of the original filing date for statute of limitations purposes;

3. That the plaintiff's Motion to Reopen and accompanying Motion for Leave to Amend Complaint and Amended Complaint will prompt me or the successor presiding judge in this case to vacate the judgment of dismissal without prejudice, see Fed. R. Civ. P. 60(b)(6), so that there will exist an action to which the plaintiff's Amended Complaint can relate back; and

4. That if the plaintiff has a question concerning whether the criminal proceedings in the state courts have been "completed," or if the parties differ, the plaintiff

2

may follow the foregoing procedures to reopen this case, and the issue of finality may be argued and decided in this case at that time.

August 21, 2006.                    BY THE COURT:

                                                                  s/ *Richard G. Kopf*
                                                                  United States District Judge